Curia, per Wardlaw, J.
According to the ordinary rules of the common law, the evidence was inadmissible under the general issue, but according to the practice of our courts, such evidence should have been received. This practice, no doubt, originated from the 21st section of the stat. Geo. 2, c. 19, (2 St at. 579) and to that section, so far as 'it contains directions concerning the form of proceedings, reference may be had for evidence ai\d explanation of the practice.
The case has been argued upon the question, is this section of the statute of force here ? But the true question is, is not our practice conformable to the practice there pointed out 1 No part of that statute was ever enacted here, and none of it prevails as statute law, strictly speaking, but it was passed during our colonial condition ; was, in many respects, highly remedial; was familiar to our early practitioners; and, so far as it affects, not the rights of parties, but their remedies and forms of proceedings, and has been adopted by the usage of our com *402 munity or the practice of our courts, and has not been contradicted or superseded by our legislation, it has been allowed to acquire the force of law. In reference to its first section, (which was held not to be of force) the matter was fully examined in Rogers vs. Brown & Sharlock, 1 Sp. 286. A few observations only will here to be added to what has there been said. Grimke’s Justice repeatedly declares that the statute is not of force here, (and declares the same of 17 Car. 2, c. 7,) but refers to it for law laid down conformable to its 14th and 23d sections. See pp. 139, 146, 147. The cases of the City Council vs. Price, 1 McC. 299, and Pemble vs. Clifford, 2 McC. 31, which really consider only the 23d sec. are loose and inaccurate, in declaring generally that the statute, as a whole, has been adopted in practice.
The case of DeBow ads. McClary & Applegate, 3 McC. 44, m a hasty opinion by Judge Nott, who had pronounced the declaration in favor of the whole statute, in the City Council vs. Price, is equally loose in the further observation, that the statute is not of force, which is superadded to the expression of concurrence with the circuit Judge, on another point, if it be meant that none of the provisions of the statute had been adopted. That case was'well decided upon the sufficient reason given by Judge Waties, that the objection to the bond came too late. In the MS. case of Blain & Green ads. Hilson, Charleston, Feb. 1830, (the terms of which are not accurately contained in 2 Rice’s Dig. 249, Replevin § 23,) in reference to the statute, Judge Colcock only declares that it has not been broadly adopted, but that we have been laboring to establish “ a mode of proceeding for ourselves, framed in part on the common law, and in part on some of the provisions of the British Statutes and on our own Acts.” Touching the statute, the decision was, in effect, that the 19th sec. had been so modified by our practice, as to allow, for irregularity or unlawful act in a regular distress, special damages to be recovered in replevin, as well as in' trespass on the case.
The case of Moorhead vs. Barrett, Cheves, 99, expressly decided that the practice pointed out in the 22d *403 section, has been adopted. In the case of Bagwell vs. Jamison, Cheves, 249, in reference to the 21st sec. (which is now under consideration,) it will be seen that the evidence of justification had been received under the * general issue, by consent — that no question was made in the Court of Appeals concerning the statute ; and that Judge Earle speaks of th$ statute in general, and not of this section, when he says that “ there are other important provisions in that statute, which I am not now prepared to say that I should consider part of the statute law here ; and, how far it is to be considered of force, I shall reserve my opinion.”
The motion for a new trial is granted.
Evans and Butler, JJ. concurred.